IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICHARD LEE BRADLEY,            *
                                *
    Petitioner,                 *
                                *
vs.                             * CIVIL ACTION NO. 12-00624-WS-B[1]
                                *
UNITED STATES OF AMERICA,       *
                                *
    Respondent.                 *

## REPORT AND RECOMMENDATION

Petitioner Richard Lee Bradley, a federal prisoner confined in Miami, Florida, initiated this action by filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 in the U.S. District Court, for the Southern District of Florida, Miami Division. (Doc. 1). The petition was transferred to this Court pursuant to 28 U.S.C. § 1631. (Docs. 5, 6). In his habeas petition, Bradley seeks to challenge the sentence imposed by this Court in United States v. Bradley, 08-cr-00065-WS. This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon the Court's *sua sponte*[2] review of

---

[1] See also CRIMINAL NO. 08-00065-WS (Bradley's criminal proceedings before this court and the denial of his § 2255 habeas petition (Docs. 70, 74)).

[2] See Means v. Vasquez, 168 Fed. App'x 900 (11th Cir. 2006) (Eleventh Circuit affirmed the district court's *sua sponte* dismissal of 28 U.S.C. § 2241 petition because petitioner failed to satisfy the requirements for the § 2255 saving clause and thereby open the portal

Bradley's petition, the undersigned finds that this Court lacks subject matter jurisdiction to entertain his petition because he has failed to satisfy the requirements of the 28 U.S.C. § 2255 saving clause and thereby open the portal to a § 2241 proceeding. The petition is also barred because it is a second or successive petition under 28 U.S.C § 2255.

I. **NATURE OF PROCEEDINGS**

On April 8, 2009, Petitioner Richard Bradley was sentenced to a term of 188 months imprisonment after being convicted in this Court of possession with intent to distribute a Schedule II controlled substance (Crack Cocaine). (United States v. Bradley, Criminal Action No. 08-00065-WS., Doc. 39). Bradley's conviction and sentence were affirmed on appeal. United States v. Bradley, 348 Fed. App'x 547 (11th Cir. 2009). On December 7, 2009, Bradley timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. His motion was denied, and this Court ruled that Bradley was not entitled to a certificate of appealability. (Bradley, 08-00065 at Doc. 75). (Id.). Bradley then filed a Motion for Leave to File Second

---

to a § 2241 proceeding.); Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000) ("[T]he authority to raise [ ] procedural defenses *sua sponte* is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b)."); see Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (finding that a district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

2255, (id., at Doc. 85), which was denied by this Court. (Id., at Doc. 86). Next, Bradley filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582 (id., at Doc. 87). This Court determined that Bradley was not eligible for the requested relief, and denied his motion as a result. (Id., at Doc. 93).

In the present motion, Bradley seeks yet again to attack his sentence and argues that his trial counsel was ineffective in 1) failing to request to withdraw from the case, and 2) failing to communicate with him about what would happen if he refused the government's offer. Bradley also asserts that he was denied his sixth amendment right to adequate counsel. (Doc. 1 at 3, 4). Because Bradley has previously filed a § 2255 petition and has failed to establish that he is entitled to proceed under § 2241, he is not authorized to proceed with a successive petition. Thus, his § 2241 claim is due to be dismissed.

## II. ANALYSIS

> It is a well established general rule that a collateral attack on a conviction and sentence should be brought through 28 U.S.C. § 2255 in the federal district court that sentenced the petitioner. See Birdsell v. Alabama, 834 F.2d 920, 922 n.5 (11th Cir. 1987). The only exception to this general rule allows a petitioner to file such an attack in the district of incarceration, pursuant to § 2241, if the petitioner can show that the remedy provided for under § 2255 is inadequate or ineffective to test

the legality of the detention. See Wofford
v. Scott, 177 F.3d 1236 (11th Cir. 1999).

Allen v. Lamanna, 2000 U.S. Dist. LEXIS 7816, *7-8 (S.D. Ala. Apr. 20, 2000).

Congress enacted 28 U.S.C. § 2255 to provide an efficient mechanism for resolving habeas petitions brought by federal prisoners. See Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999). Since a collateral attack should be brought under § 2255, relief is generally not available under § 2241. However, the use of § 2241 is not completely foreclosed by § 2255. Pursuant to § 2255's "savings clause," relief under § 2241 is available if § 2255 is shown to be "inadequate or ineffective." See 28 U.S.C. § 2255(e). The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).[3]

In the Eleventh Circuit, the savings clause has been interpreted restrictively and does not apply whenever the AEDPA restrictions on successive motions bar a 2255 motion. Wofford, 177 F.3d at 24, 26. "The savings clause of § 2255 applies [to

---

[3] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

4

allow proceedings under § 2241 only] when 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised..." Wofford, 177 F.3d at 1244.

In the current action, Bradley has not asserted, let alone demonstrated, that he was convicted of a crime which has been subsequently made non-existent by "circuit-busting" Supreme Court precedent. Indeed, Bradley has not cited any Supreme Court precedent that makes the crime for which he was convicted non-existent; thus he has failed to meet the requirements set forth in Wofford. As a result, this Court need not reach the merits of Bradley's claim because the portal to a § 2241 proceeding has not been opened. See Means v. Vasquez, 168 Fed. App'x 900 (11th Cir. 2006). Simply put, Bradley may not now use § 2241 to avoid the restrictions on successive § 2255 motions. Wofford, 177 F.3d at 1245 ("the remedy by motion under § 2255 is not rendered 'inadequate or ineffective' because an individual is procedurally barred from filing a second or successive § 2255 motion.) (Cox, J., concurring specially); See also Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) ("[AEDPA's restrictions on successive § 2255 motions] standing alone, do not render that section 'inadequate or ineffective' within the

5

meaning of the savings clause."). Accordingly, Bradley's petition must be dismissed because he has not established the requirements set forth in Wofford, and cannot use 28 U.S.C. § 2241 to circumvent § 2255's restrictions on second or successive petitions.[4]

### III. **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[4] Bradley's petition would fare no better if it was treated as a petition under § 2255 because, a second or successive motion cannot proceed in the district court unless it is certified as provided in section 2244 by "a panel of the appropriate court of appeals to contain—(1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. Because Bradley has not applied to and received permission from the Eleventh Circuit Court of Appeals to file a second habeas petition, this Court lacks jurisdiction to consider his petition for relief. Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir. 2003).

6

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Bradley's petition does not warrant the issuance of a Certificate of Appealability. As Bradley has not established the requirements set forth in Wofford, and cannot use 28 U.S.C. § 2241 to circumvent § 2255's restrictions on second or successive petitions, reasonable jurists could not debate whether his petition should be resolved in a different manner or deserves to proceed further. It is thus recommended that the Court deny any request for a Certificate of Appealability be denied.

**IV. CONCLUSION**

For the reasons set forth herein, it is the opinion of the undersigned Magistrate Judge that Bradley's petition for habeas corpus relief should be **DENIED**, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Richard Lee Bradley. The undersigned Magistrate Judge further opines that Bradley is not entitled to the issuance of a certificate of appealability, and therefore, should be not permitted to proceed *in forma pauperis*.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within

fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **5th** day of **March, 2014.**

                                                       **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**